**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN JAMES HUBBS, AKA Norman Hubbs, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GARY PENROD, Sheriff of San Bernardino County, California; COUNTY OF SAN BERNARDINO, California, <br><br> Defendants - Appellees. | No. 12-55186 <br><br> D.C. No. 5:06-cv-00292-CBM-FMO <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Norman James Hubbs, AKA Norman Hubbs, who is civilly committed in the

State of California, appeals pro se from the district court's summary judgment in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging constitutional violations and violations of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Hubbs's claims alleging municipal liability because Hubbs failed to raise a genuine dispute of material fact as to whether prison officials' actions "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by defendants County of San Bernadino or Sheriff Penrod, or whether any constitutional violation was inflicted "pursuant to governmental 'custom.'" *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 & n.55 (1978) (noting that suits against officers in their official capacities are another way of pleading an action against the entity).

The district court properly granted summary judgment on Hubbs's claims against defendant Sheriff Penrod in his individual capacity because Hubbs failed to raise a genuine dispute of material fact as to whether Penrod was personally involved in any constitutional violation or whether there was a causal connection between his conduct and any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under

§ 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Hubbs's ADA claim because Hubbs failed to raise a genuine dispute of material fact as to whether defendants discriminated against him because of a disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010) (elements of a claim under Title II of the ADA; "The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

12-55186